IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-HC-2047-FL

| | | |
|---|---|---|
| DONTE WILLIAMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRYAN WELLS, | ) | |
| | ) | |
| Respondent | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on respondent's motion for summary judgment (DE 10) pursuant to Federal Rule of Civil Procedure 56(a). The motion was fully briefed. Also before the court is petitioner's unopposed motion for expansion of the record (DE 13). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants petitioner's motion for expansion of the record and grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On September 13, 2011, petitioner, in the Wake County Superior Court, was convicted, following a jury trial, of malicious conduct by a prisoner and of having achieved habitual felon status. State v. Williams, 738 S.E.2d 211, 213 (N.C. App. 2013). Petitioner was sentenced to a term of 72-96 months imprisonment. Id. The North Carolina Court of Appeals subsequently reviewed the state court proceeding and entered an order finding no error. Id. at *4.

On April 22, 2013, petitioner filed a *pro se* petition for a writ of habeas corpus in Durham County Superior Court,[1] which was summarily denied on June 12, 2013. (Resp't's Mem. Exs. 5, 6.) On January 9, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. (Id. Ex. 7.) On January 27, 2014, the court of appeals denied petitioner's certiorari petition. (Id. Ex. 9.)

On March 10, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleged the following: (1) his conviction was obtained in violation of his rights pursuant to the Fourth Amendment to the United States Constitution; (2) his conviction for malicious conduct by a prisoner is invalid because he had the right to resist the officer's unlawful detention; and (3) his conviction violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Respondent subsequently filed a motion for summary judgment, which was fully briefed. Petitioner filed a motion for expansion of the record and a motion to appoint counsel. The court denied petitioner's motion to appoint counsel on October 20, 2014.

**STATEMENT OF FACTS**

The facts as summarized by the North Carolina Court of Appeals are as follows:

> Police responded to a one-car accident at approximately 4:00 a.m. on 20 January 2011 in Morrisville. When police arrived, Dante Daon Williams (defendant) was lying on the ground behind the car and appeared very intoxicated. No other person was present when police arrived. Police arrested defendant for driving while impaired. Defendant was uncooperative and resisted arrest. As the officers walked defendant to the police car, defendant spit on an officer's face.

---

[1] The record reflects that petitioner was convicted in the Wake County Superior Court. It is unclear why he filed his state court habeas petition in the Durham County Superior Court.

2

> On 22 March 2011, defendant was indicted for the felony of malicious conduct by a prisoner and being an habitual felon. Defendant made a motion to suppress the arrest for lack of probable cause and all evidence resulting from the arrest. The trial court denied defendant's motion concluding that based on defendant's proximity to the vehicle, the absence of any other person in the area, and defendant's strong odor of alcohol, bloodshot eyes, slurred speech, and extreme unsteadiness on his feet, the officer had probable cause to arrest defendant for driving while impaired.

Williams, 738 S.E.2d at 213.

## DISCUSSION

A.  Motion for Expansion of the Record

Petitioner moves the court to expand the record pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases to include a letter from petitioner's appellate attorney, a citation petitioner received from Officer Jason Miller, and petitioner's affidavit. For good cause shown, petitioner's motion is GRANTED.

B.  Motion for Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

3

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407; see White v. Woodall, 134 S. Ct. 1697, 1702–07 (2014); Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam). A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the

4

> [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

   2.  Analysis

      a.  Fourth Amendment Claim

In his first claim, petitioner asserts that his conviction was obtained in violation of the Fourth Amendment to the United States Constitution because the arresting officer lacked probable cause to arrest him. The court of appeals adjudicated this claims, and found it to be without merit. Specifically, the court of appeals found:

> In his second argument, defendant contends that the officers did not have probable cause to arrest him. We disagree.
>
> A. Standard of Review
>
> "The standard of review in evaluating the denial of a motion to suppress is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." State v. Biber, 365 N.C. 162, 167–68, 712 S.E.2d 874, 878 (2011). When "the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." Id. at 168, 712 S.E.2d at 878. Conclusions of law are reviewed de novo. Id.
>
> B. Analysis
>
> Under the North Carolina General Statutes, an officer may arrest a person without a warrant when he has probable cause to believe the person has (1) committed a felony, (2) committed a misdemeanor and, unless immediately arrested, will not be apprehended, may cause physical injury to himself or others, or damage property, or (3) committed one of several enumerated misdemeanors, including

5

impaired driving. N.C. Gen. Stat. § 15A–401(b) (2011). Our Supreme Court has defined probable cause for an arrest as

> [A] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.... To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith.

State v. Harris, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971)(quoting 5 Am. Jur. 2d Arrests §§ 44, 48 (1962)).

In the instant case, the trial court made the following findings of fact:

3. Officer Miller observed the Defendant lying behind the car on the ground near the trunk. The Defendant's shirt was pulled over his head and his head was in the sleeve hole of the shirt.

4. The Defendant appeared unconscious. Officer Miller and his sergeant tried to arouse the Defendant. The Defendant woke up and started chanting. His speech was slurred. He had a strong odor of alcohol. He stood up and fell back. He was extremely unsteady on his feet. He had bloodshot eyes.
...

6. The keys were in the ignition, and the car was not running.

7. Officer Gilbert of the Morrisville Police searched the area and found no one in the woods. He noted no other signs of people and no tracks in the woods.

The trial court's findings of fact would support "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty" of impaired driving. See id. The findings of fact support the trial court's conclusion of law that "[b]ased on the Defendant's proximity to the car involved in an accident, no one else was in the

6

> area, strong odor of alcohol, slurred speech, bloodshot eyes, and
> extremely unsteady [sic] on his feet. Officer Miller had probable
> cause to arrest the Defendant for Driving While Impaired[.]"

Williams, 738 S.E.2d at 214.

Generally, a prisoner may not collaterally attack a state conviction on the grounds that illegal evidence was admitted at trial where the state "has provided an opportunity for full and fair litigation of a Fourth Amendment claim." Stone v. Powell, 428 U.S. 465, 494 (1976); see also, Massey v. Ballard, No. 2:08-CV-936, 2009 WL 2916889, at *13 (S.D.W. Va. Sept. 8, 2009) ("[T]o the extent that Petitioner has contended that the tape recording of his telephone conversation with the alleged victim was an illegal search and seizure, that claim is not cognizable in federal habeas corpus because Petitioner already had an opportunity for full and fair litigation of that issue . . . ."), appeal dismissed, 363 F. App'x 243 (4th Cir. 2010). Here, petitioner was provided a full and fair opportunity to raise and litigate his Fourth Amendment claim, and in fact raised it at a suppression hearing in the trial court and on direct appeal. Further, the court of appeals' adjudication of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent's motion for summary judgment is GRANTED for this claim.

b.   Challenge to Malicious Conduct by a Prisoner Conviction

In his second claim, petitioner argues that his conviction for malicious conduct by a prisoner is unlawful because he had the right to resist the alleged unlawful detention as long as he did not use unreasonable force. Petitioner raised this issue in his motion to suppress in the trial court, which was denied. The court of appeals subsequently affirmed the trial court's determination that the arresting officer had probable cause to arrest petitioner. See (Resp't's Ex. 2, p. 18); Williams, 738 S.E. 2d at 713-14. As stated, the court of appeals' adjudication as to the lawfulness of petitioner's arrest did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and the state court's ruling was not based on an unreasonable determination of facts. Thus, as stated, petitioner is not entitled to relief on his challenge to the state court's probable cause determination.

To the extent petitioner attempts to assert that his conviction for malicious conduct by a prisoner in violation of N.C. Gen. Stat. § 14-258.4 is invalid based upon a theory of self-defense, this claim too is meritless. N.C. Gen. Stat. § 14-258.4(a) provides:

> Any person in the custody of the Division of Adult Correction of the Department of Public Safety . . . who knowingly and willfully throws, emits, or causes to be used as a projectile, bodily fluids or excrement at a person who is an employee of the State or a local government while the employee is in the performance of the employee's duties is guilty of a Class F felony. The provisions of this section apply to violations committed inside or outside of the prison, jail, detention center, or other confinement facility.

Petitioner does not contest the fact that he spit on a law enforcement officer in the course of petitioner's arrest. Instead, petitioner asserts that he spit on the officer in self-defense after the officer used a taser gun on petitioner's leg. The reasonableness of a defendant's apprehension and response in a self-defense claim are questions for the jury to decide. See State v. Herbin, 298 N.C.

8

441, 447, 259 S.E.2d 263, 268 (1979) ("The reasonableness of [defendants'] belief[s] is to be determined by the jury from the facts and circumstances as they appeared to the defendant[s] at the time of the killing."). Petitioner did not testify at trial or otherwise present any evidence at trial that he acted in self defense, and the jury convicted petitioner of malicious conduct by a prisoner. Based upon the foregoing, petitioner has not demonstrated that the state court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e).

  c. Equal Protection Claim

  In his third claim, petitioner contends that his conviction for malicious conduct by a prisoner violates the equal protection clause because "he was only trying to remove foreign material from his mouth; However he still had the right to resist and defend himself from an unlawful arrest as an effort of self-defense." (Pet. p. 9.) This claim appears to be a duplication of petitioner's second claim, and fails for the above-stated reasons. To the extent petitioner's third claim could be construed as something other than a duplication of his second claim, petitioner's conclusory allegations are insufficient to entitle him to habeas relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996). Thus, respondent's motion for summary judgment is GRANTED as to petitioner's third claim.

9

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

10

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion for expansion of the record (DE 13) is GRANTED. Respondent's motion for summary judgment (DE 10) also is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 22nd day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge